## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBERT D. STEWART,

      Plaintiff,

        v.                               Civil Action No.  06-127 (JDB)

UNITED STATES OF AMERICA,

      Defendant.

### MEMORANDUM OPINION

On May 3, 2006, this Court issued an Order requiring plaintiff to show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to exhaust administrative remedies consistent with Masterson v. United States, Civil Action No. 05-1807 (D.D.C. April 26, 2006) (Memorandum Opinion), Turner v. United States, -- F. Supp. 2d --, 2006 WL 1071852 (D.D.C. Apr. 24, 2006), and other similar precedent.  See Stewart v. United States, Civil Action No. 06-127, dkt. no. 2 (D.D.C. May 3, 2006) (Order).  Like the plaintiffs in those cases, the plaintiff in this case is one of dozens of individuals across the nation who have submitted (in a pro se capacity) boilerplate filings to this Court, asserting that they are entitled to damages pursuant to the Taxpayer Bill of Rights ("TBOR") for alleged misconduct by the Internal Revenue Service ("IRS") regarding the collection of taxes.  See 26 U.S.C. § 7433.  These cases have routinely been dismissed due to the failure of the plaintiffs to exhaust administrative remedies pursuant to § 7433 and its attendant administrative regulations before filing suit in this Court.  See, e.g., Jaeger v. United States of America, Civil Action No. 06-625 (D.D.C. May 24, 2006) (Memorandum Opinion); Evans v. United States of America, Civil Action No. 06-0032

(D.D.C. May 4, 2006) (Memorandum Opinion); <u>Masterson</u>, Civil Action No. 05-1807 (D.D.C. April 26, 2006) (Memorandum Opinion); <u>Turner</u>, -- F. Supp. 2d. --, 2006 WL 1071852 (D.D.C. Apr. 24, 2006); <u>Pierce v. United States</u>, Civil Action No. 06-0320 (D.D.C. Mar. 31, 2006).

The Order requiring plaintiff to show cause why this action should not similarly be dismissed was issued because plaintiff's complaint is palpably devoid of any showing or credible assertion that he first availed himself of the administrative remedies.  Indeed, the complaint is indistinguishable in all relevant respects from the complaints  that were dismissed on this basis in other cases.  Because plaintiff failed to respond by the May 24, 2006 deadline, the Court issued a second order, granting plaintiff an additional week to show cause, until June 2, 2006.  <u>See</u> <u>Stewart</u>, Civil Action No. 06-127, dkt. no. 3 (May 26, 2006) (Order).  In that order, plaintiff was advised that a failure to respond might result in dismissal of his action for failure to prosecute. Plaintiff never filed a response.

## <u>ANALYSIS</u>

Exhaustion of administrative remedies is an indispensable prerequisite to filing suit in this Court, and the Court may consider the issue <u>sua</u> <u>sponte</u>.  "Neither the Federal Rules of Civil Procedure nor any federal statute expressly prohibits sua sponte dismissals for failure to state a claim," nor does any decision of the Supreme Court render this an improper course of action. <u>Baker v. Director, United States Parole Comm'n</u>, 916 F.2d 725, 726 & n.2 (D.C. Cir. 1990). Where, as here, the failure to state a claim is patent, "it is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources" for the Court to dismiss the action <u>sua</u> <u>sponte</u>.  <u>See</u> <u>Baker</u>, 916 F.2d at 726; <u>see</u> <u>also</u> <u>Cicippio-Puleo v. Islamic Republic of Iran</u>, 353 F.3d 1024, 1032 (D.C. Cir. 2004); <u>Davis v. District of Columbia</u>, 158 F.3d 1342,1349 (D.C. Cir.

1998); accord Curley v. Perry, 246 F.3d 1278, 1283, 1284 (10th Cir. 2001); Smith v. Boyd, 945

F.2d 1041, 1043 (8th Cir. 1991); Crowley Cutlery Co. v. United States, 849 F.2d 273, 277 (7th

Cir. 1988) (stating that federal district judges have authority to dismiss frivolous suits on their

own initiative, whether it is termed a dismissal for lack of jurisdiction or a dismissal for failure to

state a claim upon which relief can be granted); Omar v. Sea Land Service, Inc., 813 F.2d 986,

991 (9th Cir. 1987) (holding that trial courts have authority to dismiss actions sua sponte "where

the claimant cannot possibly win relief").

Section 7433(d)(1) provides that "[a] judgment for damages shall not be awarded . . .

unless the court determines that the plaintiff has exhausted the administrative remedies available

to such plaintiff within the Internal Revenue Service."  In accordance with § 7433(d)(1), the IRS

has promulgated regulations that establish procedures to be followed by a taxpayer who believes

that IRS officers or employees have disregarded provisions of the tax code in their collection

activities.  See 26 C.F.R. § 301.7433-1.  Specifically, these regulations require that an aggrieved

taxpayer must first submit his or her claim "in writing to the Area Director, Attn: Compliance

Technical Support Manager[,] of the area in which the taxpayer currently resides," and further

require that the claim must include:

i       The name, current address, current home and work telephone numbers and any

        convenient times to be contacted, and taxpayer identification number of the

        taxpayer making the claim;

ii      The grounds, in reasonable detail, for the claim (include copies of any available

        substantiating documentation or correspondence with the Internal Revenue

        Service);

iii     A description of the injuries incurred by the taxpayer filing the claim  (include

copies of any available substantiating documentation or evidence);

iv     The dollar amount of the claim, including any damages that have not yet been

incurred but which are reasonably foreseeable (include copies of any available

substantiating documentation or evidence);  and

v     The signature of the taxpayer or duly authorized representative.

26 C.F.R. § 301.7433-1(e) (hereinafter "the § 301.7433-1(e) procedures").  If such a claim is filed

and the IRS has either issued a decision on the claim or has allowed six months to pass from the

date of filing without acting on it, the taxpayer may proceed to file suit in federal district court

pursuant to 28 U.S.C. § 7433(a).  See 26 C.F.R. § 301.7433-1(d)(1).  The regulations also allow

the taxpayer to file suit immediately after the administrative claim is submitted, as long as the

administrative submission occurs during the last six months of the two-year statute-of-limitations

period.  26 C.F.R. § 301.7433-1(d)(2).

In this regard, plaintiff's complaint offers the following: (1) a summary statement that

"[p]laintiff(s) has/have exhausted all administrative remedies," Compl. at 2-3 ¶ 6; (2) an assertion

that plaintiff attempted to exhaust administrative remedies through the submission of "numerous

[written] requests to the IRS which require responses from the IRS [sic]," id. at 7 ¶ 9; and (3) a

claim that he "exhausted all administrative remedies . . . by disputing the tax claims made by the

defendant and properly petitioning for all years in question the Commissioner of the Internal

Revenue Service for lawful summary records of assessment and the Secretary of the Treasury for

refunds," id. at 11 ¶ 16.  Noticeably absent from this amalgam of conclusory, general statements

that exhaustion has occurred is any description of how plaintiff satisfied the precise requirements

of § 7433 and the administrative regulations.  Indeed, plaintiff never so much as mentions the applicable provisions or procedures.

The Court's May 3, 2006 order -- and its references to earlier opinions detailing the requirements of  § 7433 and the administrative regulations -- put plaintiff on notice of any fatal deficiencies in this regard, and provided ample opportunity for him to cure them.  Tellingly, plaintiff did not attempt to do so.  The Court is thus left to analyze the assertions made in the complaint alone, which contains only (a) conclusory statements that exhaustion requirements have been satisfied; and (b) more particularized descriptions of how plaintiff allegedly exhausted his administrative remedies through means other than those provided for under the law.  These assertions establish beyond dispute that plaintiff has not satisfied the requirements of § 7433 and the administrative regulations.  Hence, because "'the facts alleged affirmatively preclude relief,'" it is clear to the Court that "'plaintiff cannot possibly win relief.'"  Razzoli v. Federal Bureau of Prisons, 230 F.3d 371, 377 (D.C. Cir. 2000) (quoting Davis, 158 F.3d at 1349).  This action will, accordingly, be dismissed without prejudice for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b)(6).

The Court also notes that, under Local Civil Rule 83.23, "[a] dismissal for failure to prosecute may be ordered by the Court . . . upon [its] own motion."  Plaintiff has been given two opportunities -- and ample time -- to accomplish the relatively simple task of articulating how he satisfied the applicable exhaustion requirements.  To date, he has not done so.  Plaintiff was well aware that such a failure could result in dismissal of this action.  Hence, this action will also be dismissed for failure to prosecute.

_____ /s/ John D. Bates _____

JOHN D. BATES
United States District Judge

Date:  June 6, 2006

*Copies to:*

ROBERT D. STEWART
1514 Avoca Eureka Road
Bedford, IN 47421
(812) 279-1303
        *Plaintiff pro se*

_____

-6-